UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>v.<br><br>ILSE JAQUELINE SERRANO-VALLADOLID,<br><br>                   Defendant. | Case No.: 14cr3009-LAB-1 and 16cv2102-LAB<br><br>**ORDER DENYING PETITION**<br><br>**UNDER 28 U.S.C. § 2255** |

Petitioner Ilse Jaqueline Serrano-Valladolid pled guilty to one count of possession of methamphetamine with intent to distribute, and was sentenced to 80 months' imprisonment followed by five years' supervised release. Judgment was entered on February 26, 2015 and she filed no appeal. Her conviction therefore became final 14 days later, on March 13. *See United States v. Gilbert*, 807 F.3d 1197, 1200 (9th Cir. 2015); Fed. R. App. P. 4(b)(1). On July 13 of that year, she filed a motion for reduction of her sentence under Amendment 782 to the U.S.S.G. The Court denied that motion without prejudice. (Docket no. 29.) On August 15, 2016, Serrano-Valladolid then filed a petition to vacate her sentence under 28 U.S.C. § 2255, arguing that she should receive a minor role adjustment under Amendment 794, which she argues is retroactive.

1

Amendment 794 became effective on November 1, 2015, and is retroactive only on direct appeal. *United States v. Diaz*, 884 F.3d 911, 915–16 (9th Cir. 2018) (citing *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016)). This Court has held that Amendment 794 does not apply retroactively to sentences already final before its effective date. *United States v. Yanez*, 2016 WL 4248541 (S.D. Cal., Aug. 11, 2016). And every court within this Circuit that has considered the issue has agreed. *See, e.g., United States v. Charles*, 2017 WL 3641787, slip op. at *3 (E.D. Cal., Aug. 24, 2017); *United States v. Nunez*, 2017 WL 119169, slip op. at *5 (N.D. Cal., Jan. 12, 2017) (citing *Quintero-Leyva*, 823 F.3d at 521 n.1). Other courts have also refused to apply Amendment 794 retroactively. *See Hernandez v. United States*, 2017 WL 2465014, slip op. at *2 (S.D. Cal., June 7, 2017) (citing cases).

Furthermore, the § 2255 petition was filed more than a year after judgment was became final, and is therefore untimely under § 2255(f). Amendment 794 does not restart the clock. *See United States v. Kou Yang*, 2018 WL 117825, slip op. at *2 (E.D. Cal., March 6, 2018) (citing cases); *United States v. Valencia*, 2016 WL 4491848 at *2 (E.D. Wash. Aug. 25, 2016). Although it does not appear the Ninth Circuit has addressed the issue, the Tenth Circuit has done so, and in addition to agreeing with these courts, has held that jurists of reason would not find the issue debatable. *See United States v. Harrison*, 680 Fed. Appx. 678 678, 680–81 (10th Cir. 2017).

The petition cannot be construed as a § 3582(c) motion. See *Ozuna v. United States*, 2017 WL 4083724 at *1 (7th Cir. Aug. 22, 2017); *Yanez*, 2016 WL 4248541 at *1.

/ / /

/ / /

/ / /

/ / /

1 | The petition is **DENIED**, and a certificate of appealability is also **DENIED.**
2 | *See* 28 U.S.C. § 2253(c)(2).
3 | **IT IS SO ORDERED**.
4 | Dated: April 2, 2018

*[signature]*
Hon. Larry Alan Burns
United States District Judge